## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| WORLD TECH INVESTMENTS, LLC d/b/a "WTI, LLC," an Ohio limited liability company; and KONSTANTIN VERNI, an individual, | |
| Defendants. | |

Plaintiff Microsoft Corporation ("Microsoft") brings this Complaint against World Tech Investments, LLC d/b/a "WTI, LLC," and Konstantin Verni ("Defendants"), alleging as follows:

### I.    INTRODUCTION

1.    This is an action for contributory copyright infringement in violation of the federal Copyright Act, trademark infringement, unfair competition, and false advertising.

2.    Defendants are prolific sellers of unlawfully obtained Microsoft product activation keys ("product keys") that facilitate and contribute to the activation of pirated and unlicensed copies of Microsoft software. These product keys have been decoupled from the genuine, licensed software Microsoft intended and authorized them to activate and sold by Defendants on a "stand-alone" basis separate from that software. Defendants sell the product keys to online resellers of Microsoft software, among potentially others, which in turn sell them to consumers seeking to acquire licensed Microsoft software.

3.    Defendants have engaged in a systemic, multiyear campaign to unlawfully acquire and sell these product keys. On information and belief, Defendants have reaped millions of dollars from their unlawful sales, all while falsely holding themselves out to be legitimate distributors of licensed Microsoft software.

4.     Defendants' unlawful sale of product keys hurts consumers, legitimate commerce, and the software business.  Retailers are lured into purchasing unlawfully obtained product keys, and their customers are in turn mislead into purchasing unlicensed and counterfeit software when they think they are buying genuine licensed software.  Businesses selling genuine software are harmed when potential customers are lured away by lower-priced counterfeits.  Microsoft is harmed by Defendants' misuse and theft of its intellectual property.

5.     To put a stop to Defendants' scheme and associated unlawful activities, Microsoft files this lawsuit, which seeks an order permanently enjoining Defendants from further sales of product keys and an award of money damages for the substantial harm Defendants have caused.

## II.     PARTIES

6.     Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.  Microsoft develops, markets, distributes, and licenses computer software, among other products and services.

7.     On information and belief, Defendant World Tech Investments, LLC d/b/a "WTI, LLC" ("WTI") is an Ohio limited-liability corporation with its principal place of business in Solon, Ohio.  WTI sells and distributes product keys on the internet, primarily through email, to various internet websites and resellers.

8.     On information and belief, WTI is an entity owned by, operated by, or otherwise under the substantial control of Defendant Konstantin Verni ("Verni"), who resides in Solon, Ohio.

9.     On information and belief, Verni manages, supervises, and controls the conduct and business of WTI.  On information and belief, Verni personally participated in and had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct.  Verni therefore is liable for the wrongful conduct alleged herein under principles of secondary liability, including, without limitation, respondeat superior, vicarious liability, and contributory infringement.

### III.     JURISDICTION AND VENUE

10.     The Court has subject-matter jurisdiction over Microsoft's Lanham Act claims, contributory-copyright-infringement claim, and related claims according to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).  The Court also has subject-matter jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states (Washington and Ohio), and the matter in controversy exceeds $75,000, exclusive of interest and costs.

11.     The Court has personal jurisdiction over Defendants because they reside in the Northern District of Ohio and otherwise do business here.

12.     According to Local Civil Rule 3.8, intradistrict assignment to the Eastern Division is proper because the claims arose in this Division, and because all Defendants reside here.

### IV.     FACTS COMMON TO ALL CLAIMS

**A.     The Global Problem of Software Piracy**

13.     Software developers lose billions of dollars in annual revenue from software piracy—namely, the unauthorized and unlawful copying, downloading, and distributing of copyrighted and trademarked software and related components.  In 2017, the commercial value of pirated software in the United States exceeded $9.4 billion.

14.     Software developers, like Microsoft, are not the only victims of software piracy. Consumers are also victims. Often, distributors of pirated software deceive them by going to great lengths to make the software appear to be licensed and authorized by Microsoft.

**B.     Microsoft's Intellectual Property**

15.     Microsoft develops, advertises, markets, distributes, and licenses a number of computer-software programs.  One of the methods that Microsoft uses to distribute software is digital downloads through Microsoft.com and authorized electronic-software distribution vendors' websites.

16.     Microsoft sells licenses to use its software; it does not sell the software itself.  In this manner, no title to Microsoft software passes to users when they purchase a license for a Microsoft software program.

17.     Microsoft's software-licensing agreements make clear to end users that they are acquiring a license to use the software and not title to the software.  The licensing agreements contain various limitations around the use of the software and place certain restrictions on transfer of the license and accompanying materials, such as backup discs, proof of license materials, and product activation keys.  *See* Microsoft License Terms, https://www.microsoft.com/en-us/useterms.

18.     Among other programs, Microsoft's software programs include the following:

a.      **Microsoft Office 2016:**  Microsoft has developed, and it advertises, markets, distributes, and licenses a suite of productivity software for business, home, and educational use called Microsoft Office 2016 ("Office 2016").  Office 2016 is available in a number of different versions, each of which includes certain combinations of products, programs, and features.  Versions of Office 2016 include, but are not limited to, Office 365 Business, Office 365 Business Essentials, Office 365 Business Premium, Office 365 ProPlus, Office 365 Enterprise E1, Office 365 Enterprise E3, Office 365 Enterprise E5, Office Professional 2016, Office Professional Home and Business 2016, Office Home and Business 2016, Office Home and Student 2016, and Office Professional Plus 2016.  Microsoft holds a valid copyright in Office 365 ProPlus 2016—the most expansive version of Office 2016—and this copyright encompasses all versions of Office 2016, including Office Professional 2016.  Microsoft's copyright in Office 365 ProPlus 2016 was duly and properly registered with the United States Copyright Office, bearing the number TX 8-097-602. (**Exhibit 1**.)

b.      **Microsoft Office 2013:**  Microsoft has developed, and it advertises, markets, distributes, and licenses, a suite of productivity software for business, home, and

4

educational use called Microsoft Office 2013 ("Office 2013").  Office 2013 is available in a number of different versions, each of which includes certain combinations of products, programs, and features.  Versions of Office 2013 include, but are not limited to, Office Professional 2013, Office Professional Home and Business 2013, Office Home and Business 2013, Office Home and Business 2013, and Office Professional Plus 2013. Microsoft holds a valid copyright in Office Professional 2013, the most expansive version of Office 2013, and this copyright encompasses all versions of Office 2013. Microsoft's copyright in Office Professional 2013 was duly and properly registered with the United States Copyright Office, bearing the number TX 7-649-882. (**Exhibit 2**.)

      c.      **Office for Mac 2011:** Microsoft has developed, and it advertises, markets, distributes, and licenses a suite of productivity software for business, home, and educational use called Microsoft Office for Mac 2011 ("Office for Mac 2011").  Office for Mac 2011 is available in a number of different versions, each of which includes certain combinations of products, programs, and features.  Versions of Office for Mac 2011 include, but are not limited to, Office for Mac Standard 2011, Office for Mac Home and Business 2011, Microsoft Office for Mac Home and Student 2011, and Office for Mac Academic 2011.  Microsoft holds a valid copyright in Office for Mac Standard 2011, the most expansive version of Office for Mac 2011.  As a result, Microsoft's copyright in Office for Mac Standard 2011 encompasses all other versions of Office for Mac 2011.  Microsoft's copyright in Office for Mac Standard 2011 was duly and properly registered with the United States Copyright Office, bearing the number TX 7-370-339 (**Exhibit 3**.)

      d.      **Microsoft Office 2010:**  Microsoft has developed, and it advertises, markets, distributes, and licenses a suite of productivity software for business, home, and educational use called Microsoft Office 2010 ("Office 2010").  Office 2010 is available in a number of different versions, each of which includes certain combinations of

products, programs, and features.  Versions of Office 2010 include, but are not limited to, Office Professional 2010, Office Professional Home and Business 2010, Office Home and Business 2010, Office Home and Student 2010, Office Professional Academic 2010, and Office Professional Plus 2010.  Microsoft holds a valid copyright in Office Professional Plus 2010, the most expansive version of Office 2010, and this copyright encompasses all versions of Office 2010.  Microsoft's copyright in Office Professional Plus 2010 was duly and properly registered with the United States Copyright Office, bearing the number TX 7-151-840. (**Exhibit 4**.)

e.      **Microsoft Project 2016:**  Microsoft has developed, and it advertises, markets, and licenses a software program for project management called Microsoft Project 2016 ("Project 2016").  Microsoft holds a valid copyright in Project Professional 2016, the most expansive version of Project 2016, and this copyright encompasses all versions of Project 2016.  Microsoft's copyright in Project Professional 2016 was duly and properly registered with the United States Copyright Office, bearing the number TX-8-196-833. (**Exhibit 5**.)

f.      **Microsoft Project 2013:**  Microsoft has developed, and it advertises, markets, and licenses a software program for project management called Microsoft Project 2013 ("Project 2013").  Microsoft holds a valid copyright in Project Professional 2013, the most expansive version of Project 2013, and this copyright encompasses all versions of Project 2013.  Microsoft's copyright in Project Professional 2013 was duly and properly registered with the United States Copyright Office, bearing the number TX 7-751-912. (**Exhibit 6**.)

g.      **Microsoft Visio 2016:**  Microsoft has developed, and it advertises, markets, and licenses a software program for diagramming and vector graphics called Microsoft Visio 2016 ("Visio 2016").  Microsoft holds a valid copyright in Visio Professional 2016, the most expansive version of Visio 2016, and this copyright

6

encompasses all versions of Visio 2016.  Microsoft's copyright in Visio Professional 2016 was duly and properly registered with the United States Copyright Office, bearing the number TX 8-196-846. (**Exhibit 7**.)

19.     Microsoft has also duly and properly registered a number of trademarks and service marks in the United States Patent and Trademark Office on the Principal Register, including without limitation:

          a.     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236 for computer programs and computer programming services (**Exhibit 8**);

          b.     "WINDOWS," Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit (**Exhibit 9**); and

          c.     "MICROSOFT OFFICE," Trademark Registration No. 3,625,391 for computer productivity software (**Exhibit 10**).

**C.     Product Activation**

20.     Like many other software developers, Microsoft has implemented a wide range of initiatives to protect its customers and to combat theft of its intellectual property.  One initiative is Microsoft's product-activation system. It enables activation of software through product keys issued in conjunction with a valid license to use the software.  Because Microsoft's copyrighted software is capable of being installed on multiple computers, Microsoft relies on the product-activation process to detect piracy and to protect consumers from the risks of nongenuine software.

21.     A Microsoft product key is a 25-character alphanumeric string generated by Microsoft and provided to customers as part of their purchase of licensed software.  As a part of the installation process, customers enter their product key to activate the software.  Product keys are a necessary component of the software since, without them, the software cannot be accessed and installed or will remain in a nonactivated "trial" state.

22.     One prevalent form of software piracy is the unauthorized and unlawful distribution of decoupled Microsoft product keys improperly obtained from Microsoft's supply chain.  Product keys are not a software license. They do not constitute authorization from Microsoft to access or use software unless the user has legally licensed the software.

23.     Microsoft does not sell product keys without an accompanying software license and did not authorize Defendants to distribute decoupled product keys separate from the software that these product keys were originally intended and authorized to activate.

24.     On information and belief, Defendants knew, intended, and directed their customers to resell or otherwise use the decoupled product activation keys to activate pirated and unlicensed copies of Microsoft software.

**D.      Microsoft's Distribution Channels for Software**

25.     Microsoft distributes its software through a number of distribution channels, including Original Equipment Manufacturer, volume licensing, and subscriptions.

26.     The Original Equipment Manufacturer distribution channel is one through which Microsoft software is distributed to computer and device manufacturers called OEMs.  OEMs customarily preinstall software on the devices they build including, most commonly, the Microsoft Windows operating system.

27.     In addition to the OEM channel, Microsoft offers a number of programs through which it provides software to qualified subscribers.  One example is the Microsoft Partner Network ("MPN") through which Microsoft makes available software and resources to a wide variety of companies so they can build a business around Microsoft technologies.  MPN members are able to obtain certain Microsoft software directly from Microsoft.

28.     Microsoft also offers Volume Licensing ("VL") programs for its business and educational customers. Through the VL program, customers purchase licenses for their software and can add, remove, and upgrade their software as their business needs evolve.

29.     Microsoft BizSpark is a global technology enablement program that helps startups succeed by giving them free access to Microsoft Azure cloud services, software, and support. Microsoft provides BizSpark-program members with subscription Azure credits that offer access to software and product-activation keys.  While the BizSpark Azure subscriptions may be transferred under certain limited circumstances, product activation keys obtained through a BizSpark-based Azure subscription can never be decoupled from the subscription software and sold separately.

**E.     Defendants' Unlawful Sales**

30.     Over several years, Defendants have systematically engaged in the sale of unlawfully obtained, decoupled Microsoft product keys to online resellers of Microsoft software with the intent and purpose that these keys would be used to activate unlicensed copies of Microsoft software, thereby infringing Microsoft's intellectual property.  Microsoft has acquired evidence from at least two online resellers of product keys sold to them by Defendants, who represented themselves as selling product keys for genuine, licensed Microsoft software.  This evidence is described further below.

**Reseller 1**

31.     Between January 2015 and April 2017, and possibly at other times unknown, Defendants sold Microsoft product keys to an online-based reseller ("Reseller 1").  These product keys were delivered via email to Reseller 1, decoupled from the software they were intended to activate and without any licenses for software, with the intent and purpose that they would be used to unlawfully activate pirated and unlicensed Microsoft software.

32.     The product keys were for Microsoft Office 2010, Office for Mac 2011, Office 2013, and Office 2016.

33.     Upon further investigation, Microsoft determined that the product keys Defendants sold to Reseller 1 were unlawfully procured from Microsoft through theft, fraud, or other unlawful means, and were decoupled from the software that they were intended to activate.

Among other things, the product keys were obtained under false pretenses from Microsoft's MPN and BizSpark programs, were restricted for use by qualified educational institutions or individuals under applicable VL agreements, or were restricted for use by OEMs.

34.     Defendants sold the product keys to Reseller 1 without any associated software licenses or any of the software packaging and components, including the original proof of purchase, in violation of the terms of the applicable license for the software associated with the product keys.

35.     Microsoft did not authorize Defendants to distribute these product keys or to direct or induce their customers to resell or otherwise use the product keys to install or activate Microsoft software.  On information and belief, the product keys that Defendants sold to Reseller 1 were used for that purpose—infringing Microsoft's intellectual property.

**Reseller 2**

36.     Between October 2015 and February 2017, and possibly at other times unknown, Defendants sold Microsoft product keys to an online-based reseller ("Reseller 2").  These product keys were delivered via email to Reseller 2, decoupled from the software that those keys were intended to activate and without any licenses for software, with the intent and purpose that they would be used to unlawfully activate pirated and unlicensed Microsoft software.

37.     The product keys were for Microsoft Office for Mac 2011, Office 2013, Office 2016, Project 2013, Project 2016, and Visio 2016.

38.     Upon further investigation, Microsoft determined that the keys Defendants sold to Reseller 2 were unlawfully procured from Microsoft through theft, fraud, or other unlawful means, and were decoupled from the software they were intended to activate.  Among other things, the product activation keys were obtained under false pretenses from Microsoft's MPN and BizSpark programs or were restricted for use by OEMs.

39.     Defendants sold the product keys to Reseller 2 without any associated software licenses or any of the software packaging and components, including the original proof of

10

purchase, in violation of the terms of the applicable license for the software associated with the product keys.

40.     Microsoft did not authorize Defendants to distribute the product keys or to direct or induce their customers to resell or otherwise use the product keys to install or activate Microsoft software.  On information and belief, the product that Defendants sold to Reseller 2 was used for that purpose—infringing Microsoft's intellectual property.

41.     On information and belief, Defendants have distributed and continue to distribute decoupled product keys for the Microsoft software listed above and for other Microsoft software, and will continue to do so unless permanently enjoined and restrained from doing so.

## V.     CAUSES OF ACTION

### Count I
### Contributory Copyright Infringement
### 17 U.S.C. § 501 et seq.

42.     Microsoft realleges all preceding paragraphs in this count.

43.     Microsoft is the sole owner of the software programs listed in paragraphs 18(a)–(g) and of the corresponding copyrights and Certificates of Registration with the registration numbers listed in those paragraphs.

44.     Defendants have contributed to the infringement of the preceding Microsoft copyrights by providing their customers, including Reseller 1 and Reseller 2, decoupled product keys without approval or authorization from Microsoft with the intent and purpose that those product keys' recipients would use them to download and activate software that they are not licensed to use.

45.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered copyrights.

46.     On information and belief, Defendants have committed, and continue to commit, acts contributing to the infringement of the Microsoft copyrights described above.

11

47.     As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages and Defendants' profits attributable to the infringement.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

48.     The Court should enhance an award of statutory damages in accordance with 17 U.S.C. § 504(c)(2).

49.     Microsoft is further entitled to injunctive relief and to an order impounding all unlawfully obtained product-activation keys.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things:  (a) Microsoft's copyright is unique and valuable property that has no readily determinable market value; (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

### Count II
### Trademark Infringement
### 15 U.S.C. § 1114

50.     Microsoft realleges all preceding paragraphs in this count.

51.     Defendants' activities constitute infringement of Microsoft's federally registered trademarks with the registration numbers listed in paragraphs 19(a)–(c).  Microsoft advertises, markets, distributes, and licenses its software and related components under the trademarks described above and uses these trademarks to distinguish Microsoft's software and related components from the software or products of others in the same or related fields.

52.     Because of Microsoft's long, continuous, and exclusive use of these trademarks, they have come to mean—and are understood by customers, end users, and the public to signify—software programs and related components or services of Microsoft.

53.     Defendants have been, and continue to be, involved in using Microsoft's registered trademarks in advertising, marketing, and offering Microsoft product keys to be used

by customers without Microsoft's authority to activate pirated and unlicensed software. Defendants are not licensed to use these registered trademarks.

54.     Defendants' use of the trademarks in advertising, marketing, and offering software and product keys is likely to cause confusion, mistake, or deception as to the product keys' source, origin, or authenticity and the source, origin, or authenticity of the pirated and unlicensed software that Defendants contribute to and induce their customers to download and activate.

55.     Further, Defendants' activities are likely to lead others to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, offering, and distributing originate with or are authorized by Microsoft, thereby harming Microsoft, its licensees, and the public.

56.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, Microsoft's registered marks.

57.     As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees under 15 U.S.C. § 1117(a) and (b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

58.     Microsoft is further entitled to injunctive relief and to an order compelling the impoundment of all infringing and unauthorized materials.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things:  (a) Microsoft's trademarks and service mark are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to Microsoft's reputation and goodwill such that Microsoft could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to Microsoft, is continuing.

13

**Count III**
**Unfair Competition & False Advertising**
**15 U.S.C. § 1125(a)**

59.    Microsoft realleges all preceding paragraphs in this count.

60.    Defendants have made false and misleading representations and descriptions of fact in connection with the offering for sale and sale of unlawfully obtained Microsoft product keys, including without limitation, Defendants' offer of lawful product keys that can be used to install and activate licensed Microsoft software.

61.    Defendants' false and misleading representations and descriptions of fact were made in commercial advertising or promotion, including without limitation, in connection with the offer for sale and sale of unlicensed Microsoft software.

62.    Defendants' false and misleading representations and descriptions of fact misrepresent the nature, characteristics, qualities, or origin of their goods, services, and commercial activities.

63.    Defendants' use of Microsoft's name and trademarks and its false and misleading representations and descriptions of fact in interstate commerce in connection with its offer for sale unlicensed Microsoft software has either deceived or has the capacity to deceive a substantial segment of potential consumers. This deception is material because it is likely to influence consumers' purchasing decisions.

64.    Defendants have used, and continue to use, Microsoft's name and trademarks referenced above to compete unfairly with Microsoft and to deceive customers.

65.    Defendants' conduct constitutes false advertising, false description, and unfair competition, in violation of 15 U.S.C. § 1125(a).

66.    Defendants' wrongful conduct is likely to continue unless the Court restrains and enjoins it.

67.     As a result of Defendants' wrongful conduct, Microsoft is entitled to recover its actual damages, Defendants' profits, and treble damages and attorney fees according to 15 U.S.C. § 1117.

68.     Microsoft is also entitled to injunctive relief and to an order directing Defendants to stop representing or implying that they can provide Microsoft product activation keys to install and activate licensed Microsoft software. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) Defendants' advertising, marketing, installation, or distribution of unlicensed Microsoft software constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award; and (b) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## PRAYER FOR RELIEF

Microsoft respectfully requests that the Court grant Microsoft the following relief:

(A)     Judgment in Microsoft's favor on all claims;

(B)     An order restraining and enjoining Defendants, their directors, principals, officers, agents, representatives, employees, attorneys, successors and assigns, and all others in active concert or participation with them from further violating Microsoft's rights with the form and scope of an injunction to be determined according to proof at trial;

(C)     An order under 15 U.S.C. § 1116 and 17 U.S.C. § 503 impounding all counterfeit or infringing copies of purported Microsoft software or any product-activation keys that can be used to create the same and any related item, including business records, that are in Defendants' possession or under their control;

(D)     An order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, the illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software and requiring

Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' unlawful activities;

(E)      An order requiring that Defendants pay all general, special, actual, and statutory damages that Microsoft has sustained, or will sustain, as a consequence of their unlawful acts, and that such damages be enhanced, doubled, or trebled as provided by 17 U.S.C. § 504(c) and 15 U.S.C. § 1117(b);

(F)      An order requiring Defendants to pay to Microsoft the costs of this action and the reasonable attorneys' fees incurred in prosecuting it, as provided by 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

(G)      An order granting all other relief as the Court deems just and equitable.

Dated: December 19, 2018           Respectfully submitted,

*s/Daniel R. Karon*
Daniel R. Karon (#0069304)
**KARON LLC**
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Telephone: 216-622-1851
Email: dkaron@karonllc.com

Bonnie E. MacNaughton (WSBA #36110)
James Harlan Corning (WSBA #45177)
(*pro hac vice* applications forthcoming)
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
Email: bonniemacnuahgton@dwt.com
jamescorning@dwt.com

*Attorneys for Plaintiff Microsoft Corporation*