UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
MICROSOFT CORPORATION,                  :       CASE NO. 1:18-CV-2915
                                        :
    Plaintiff,                          :
                                        :
vs.                                     :       OPINION & ORDER
                                        :       [Resolving Doc. 22]
WORLD TECH INVESTMENTS LLC,             :
et al.,                                 :
                                        :
    Defendants.                         :
                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Microsoft Corporation claims that Defendants violated its intellectual property rights by fraudulently selling Microsoft product keys. Defendants' insurer, Movant State Farm Fire and Casualty Company ("State Farm"), is providing defense to Defendants under a reservation of rights. State Farm now moves to intervene under Federal Rule of Civil Procedure 24.[1] State Farm seeks intervention for the limited purpose of conducting discovery and pursuing a declaratory judgment claim that State Farm does not need to defend or indemnify Defendants.[2]

For the following reasons, the Court **DENIES** State Farm's motion to intervene.

## I. Discussion

There are two intervention types, intervention of right and permissive intervention.

---

[1] Doc. 22. Defendants oppose. Doc. 28. Plaintiff opposes. Doc. 30. Movant replies. Doc. 29.
[2] State Farm also asks to submit jury interrogatories, but this is a non-jury case.

A. Intervention of Right

For intervention of right, Federal Rule 24(a) provides in relevant part that "on timely motion," a court

> must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[3]

The Court considers four factors when ruling on a motion to intervene of right: 1) whether the movant has timely sought intervention; 2) that they have a substantial legal interest in the pending litigation, 3) that their ability to protect the interest is impaired; and 4) that the parties presently before the court do not adequately represent that interest.[4] The would-be intervenor has the burden of showing that it satisfies all these factors.

i. State Farm's Motion is Timely

As to the first factor, timeliness favors Movant.[5] The case has not progressed far, and the parties have not yet conducted extensive discovery.

ii. Whether State Farm Has a Substantial Legal Interest in the Litigation

State Farm argues that it has a substantial legal interest in the litigation. It may or may not need to indemnify Defendants for their losses, and it is obligated provide them with a defense. Plaintiff and Defendants argue that State Farm lacks a direct and immediate

---

[3] Fed. R. Civ. P. 24(a).
[4] *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993).
[5] The Court considers five timeliness factors: "(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Id.* at 396.

Case No. 1:18-cv-2915
Gwin, J.

interest in the underlying intellectual-property claims—State Farm's only interest is the amount it might owe the insured, and argue that this is an insufficient interest.

The Court agrees that an insurer's potential interest in indemnifying Defendants is not enough to satisfy Rule 24(a). Although the factual issues in this suit and State Farm's proposed declaratory judgment coverage claim are factually intertwined,[6] State Farm's interest is contingent. State Farm will only cover Defendants' losses if Defendants lose the case *and* State Farm loses the coverage dispute.[7] This potential interest does not support intervention.

This still leaves the question whether State Farm's duty to defend in this action is a substantial legal interest justifying intervention. While there is little case law on this issue, most courts have found that a contested duty to defend is a substantial interest for intervention purposes.[8] Unlike the duty to indemnify, the duty to defend is not conjectural. The Court finds that this duty constitutes a substantial interest in this litigation.

    iii.    <u>Disposing of the Matter Will Not Impair State Farm's Interest</u>

As to the third factor, Plaintiff and Defendants state that State Farm's interests will not be impaired without intervention because State Farm could file a separate coverage action in state court. State Farm responds that its interest will be impaired unless it can

---

[6] The Court has, in the past, denied an insurer's motion to intervene when their only interest in the litigation is the amount owed. *See Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-CV-01074, 2012 WL 645996, at *2 (N.D. Ohio Feb. 28, 2012) (denying insurer's motion to intervene because "[t]he subject matter of the underlying action, alleged violations of the [Telephone Consumer Practices Act], has nothing to do with [the insurer's] interest. [Insurer's] interest is simply 'the amount it will have to pay'") (quoting *Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods.*, 725 F.2d 871, 875 (2nd Cir.1984)). Here, in contrast, the coverage and liability issue are factually and legally related.

[7] *See Restor-A-Dent*, 725 F.2d at 875. *See also Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 639 (1st Cir. 1989) (insurer's interest did not justify intervention because it was contingent on plaintiffs prevailing in main suit and defendants prevailing in coverage action).

[8] *See Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1194 (D.N.M. 1999) (collecting cases), *aff'd*, 268 F.3d 1208 (10th Cir. 2001).

-3-

Case No. 1:18-cv-2915
Gwin, J.

intervene because it may not be able to timely file a parallel state court declaratory judgment action regarding coverage, and because this suit's determinations would be issue preclusive in a subsequent action regarding coverage.

State Farm's preclusion argument is incorrect. In *Howell v. Richardson*, the Ohio Supreme Court held that the factual determinations in a personal injury suit were issue preclusive in a subsequent coverage suit, because the insurer "could have intervened in the prior proceeding" and did not do so.[9] However, in *Gehm v. Timberline Post & Frame* the Ohio Supreme Court qualified this decision, holding that issue preclusion would not apply in a later suit if the insurer was denied leave to intervene in the prior suit.[10] Thus, State Farm has avoided preclusion with its motion to intervene.[11] Furthermore, State Farm does not explain why it would be unable to timely pursue a state court coverage action.

The Court finds that State Farm's interests will not be harmed absent intervention.

iv. <u>Both Parties Adequately Represent State Farm's Interest</u>

Finally, State Farm argues that the existing parties will not adequately protect its interest because neither party has an incentive to litigate the coverage dispute.

This is not quite true. While neither Plaintiff nor Defendants seek a decision in this case on the coverage dispute, both have a strong interest in litigating the intellectual-property infringement issue that is central to the potential coverage dispute.[12]

---

[9] *Howell v. Richardson*, 544 N.E.2d 878, 881 (Ohio 1989).
[10] *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007).
[11] *See Davila v. Arlasky*, 141 F.R.D. 68, 72 (N.D. Ill. 1991) (finding that although the duty to defend is a substantial interest, this interest was not impaired because there was no prospect of prelusion).
[12] It is possible, albeit unlikely, that the coverage dispute would turn on factual grounds unrelated to the main claims in this suit.

Case No. 1:18-cv-2915
Gwin, J.

In fact, this case is likely a heads-I-win, tails-you-lose proposition for the insurer. If Defendants prevail, there will be no losses to indemnify.[13] If Plaintiff prevails on their copyright and trademark claims, then State Farm will almost certainly prevail in its coverage dispute,[14] because its insurance contract arguably exempts personal injuries arising from intellectual property infringement.[15]

The Court denies State Farm's motion to intervene of right.

### B. Permissive Intervention

Under Rule 24(b), the Court may permit a party to intervene who "has a claim or defense that shares with the main claim a common question of law or fact."[16] The Court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[17]

State Farm's coverage claim shares common fact questions with Plaintiff's intellectual-property claim, because both claims turn on Defendants' conduct. However, State Farm's intervention would create a serious conflict of interest. While State Farm is ostensibly supporting Defendants by providing counsel, State Farm would also welcome a finding that Defendants willfully infringed Microsoft's intellectual property.

Granting intervention would put Defendants' insurer-provided counsel in the impossible position of litigating against State Farm over coverage issues. As the First

---

[13] While State Farm would still have to foot the defense costs in this scenario, a finding that Defendants were not liable would probably mean that they were contractually entitled to the defense in the first instance.
[14] Ohio law permits nonmutual offensive collateral estoppel. *See Hicks v. De la Cruz*, 369 N.E.2d 776, 75 (Ohio 1977).
[15] Doc. 22-1 at 5. Defendant would be able to recoup the money it spent providing legal defense in that action.
[16] Fed. R. Civ. P. 24(b).
[17] *Id.*

-5-

Case No. 1:18-cv-2915
Gwin, J.

Circuit put it, granting intervention "would allow [the insurer] to interfere with and in effect control the defense. Such intervention would unfairly restrict the insured, who faces the very real risk of an uninsured liability, and grant the insurer a double bite at escaping liability."[18] Thus, the Court denies State Farm's motion to permissively intervene.

## II. Conclusion

For the foregoing reasons, the Court **DENIES** State Farm's motion to intervene.

IT IS SO ORDERED.

Dated: May 31, 2019  *s/    James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[18] *Travelers*, 884 F.2d at 639 (internal quotation marks omitted).